PORTO RICAN LEAF TOBACCO CO. *v.* EREÑO ET AL.

## APPEAL from the District Court of Arecibo.

No. 426.—Decided February 16, 1910.

MORTGAGE PROCEEDING—COMPETENT COURT—DISTRICT WHEREIN PROPERTY IS SITUATED—SUBMISSION.—There is no doubt that, according to the provisions of article 170 of the regulations for the execution of the Mortgage Law, the district court for the district within which the mortgaged property is situated has jurisdiction of the foreclosure proceedings, and submission to the contrary will not avail the parties.

RECOVERY OF MORTGAGE—ORDINARY PROCEEDING—JURISDICTION—SUBMISSION.—Even assuming that the Code of Civil Procedure were alone applicable in the premises, because the summary procedure of the Mortgage Law had not been followed in this case, applying section 77 of that code it will be seen that the defendants had submitted to the District Court of Arecibo, since they applied for an extension of time within which to answer the complaint, when their first step should have been to have had the trial held in the court which they deemed proper.

SUBMISSION—JURISDICTION—AGREEMENT TO SUBMIT TO A PARTICULAR COURT.—Although the parties executing a deed of loan elected the city of San Juan and agreed to submit to the jurisdiction of its courts for the decision of all matters arising out of the contract, this is not an insuperable obstacle to their voluntary submission to the jurisdiction of another court, as occurs in the present case.

CITATION OF DEFENDANT—PERSONAL APPEARANCE.—The fact that an extension of time is applied for by the defendants within which to answer the amended complaint shows that they accepted service of notice, and they cannot now successfully allege that they were not summoned and that a copy of the amended complaint was not delivered to them, because the voluntary appearance of a defendant in such a case is equivalent to personal service of notice and delivery of a copy of the complaint.

EXTENSION OF TIME WITHIN WHICH TO ANSWER COMPLAINT—REFUSAL—DISCRETION OF THE COURT.—It is not an abuse of judicial discretion to refuse to grant an extension of time within which to answer the complaint, where the motion for such an extension is based on the sole reason of press of pro-

fessional business of an attorney, and it is the province of the judge to determine the sufficiency or insufficiency of such a reason.

RECOVERY OF MORTGAGE—GANANCIAL PROPERTY—HUSBAND DEFENDANT.—In an action for the recovery of a mortgage on real property belonging to the conjugal partnership, where the mortgage was constituted with the consent of both spouses, it is sufficient to bring an action against the husband as the legal representative of the conjugal partnership, and it is unnecessary to make the wife a party defendant.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellants.

*Mr. Herminio Díaz* for respondents.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The tobacco company mentioned in the title, brought an action in the District Court of Arecibo against Carlos de Ereño for the recovery of $7,500 principal, $525 interest and $525 costs. The complaint was based on a contract of loan secured by mortgage entered into by public deed executed in San Juan on July 24, 1906, recorded in the Registry of Property of Arecibo, which deed forms part of the complaint as does another deed extending the time of the contract to July 30, 1908. Ereño and his wife Susana Duñabeitía took part in the execution of both deeds, the latter giving her consent to the contract on account of conjugal property being involved, as happens with the estates encumbered which are situated in the municipal district of Morovis, judicial district of Arecibo.

In his sworn answer to the complaint Carlos de Ereño "assents thereto in every respect" and states "that he agrees that the court should render judgment as prayed for in the complaint, because in accordance with justice."

The Arecibo judge stated in his decision of February 4, 1909, that apart from the fact that the answer of Ereño does not comprise the provisions of subdivision two of section 359 of the Code of Civil Procedure, the complainant did not include his wife, Susana Duñabeitía, who is also an owner of the estates encumbered to secure the loan, for which reason, he added, the judgment prayed for did not lie.

The plaintiff company then asked leave to amend the complaint so as to include Mrs. Duñabeitía also. It would seem

that the request was granted because the judge admitted the amended complaint and ordered that she be summoned.

Then it appears that said lady and her husband, Ereño, through their attorney, Rafael López Landrón, asked for an extension of ten days to make answer to the complaint on the ground of the numerous professional occupations of the lawyer.

On April 13 the judge refused to grant the extension applied for either as to the defendant, Mrs. Ereño, or as to the defendant, Ereño, who had answered the complaint and confessed judgment.''

Under these circumstances the plaintiff company, in view of the fact that the defendant, Mrs. Ereño, had not made answer to the complaint, prayed that judgment be rendered against Ereño on the ground of his confession of the debt, and as to his wife, that the secretary enter judgment by default.

The Arecibo judge so ordered by judgment of April 15, 1909, adjudging Ereño to pay the sums specified in the complaint, and in the same judgment the secretary is directed to enter a judgment by default for said sums.

On the same date, April 15, 1909, judgment by default was rendered against the wife of Ereño, Susana Duñabeitía, for the same sums for which the previous judgment was rendered against her husband, and both judgments direct the issue of execution against the mortgaged estates.

The two defendants took an appeal from the two judgments aforesaid, and both the appellants and respondents have made their respective allegations on this appeal.

There is no doubt of the fact that the Arecibo court had jurisdiction to take cognizance of this litigation under article 170 of the Regulations for the Execution of the Mortgage Law, because all the property mortgaged is situated within its district and in such cases no change of venue is admissible.

But even assuming that the Code of Civil Procedure were alone applicable in the premises because the summary proceeding of the Mortgage Law had not been followed in this

case, we shall be obliged to apply section 77 of said Code, and then it must be admitted that the defendants had submitted to the court of Arecibo, since they applied for an extension of time to answer the complaint, when their first motion should have been to have the trial held in the court which they deemed proper.

Although the parties to the deed of loan selected the city of San Juan and agreed to submit to the decision of the ordinary courts thereof, all acts and claims which might arise from the contract, this does not constitute an insuperable obstacle to their voluntarily submitting to another court of competent jurisdiction, as has occurred in the present case.

The fact that an extension of time was applied for by the defendants to make answer to the amended complaint shows, furthermore, that Ereño accepted the summons, and it cannot now be successfully alleged that he had not been summoned nor a copy of the amended complaint delivered to him, because the voluntary appearance of a defendant in such a case is equivalent to personal service of summons and delivery of a copy of the complaint upon him, according to the closing sentence of section 98 of the Code of Civil Procedure.

We do not see any abuse of his discretional powers on the part of the judge in refusing to grant Susana Duñabeitía the extension applied for. The only ground alleged in support of the request was the numerous professional occupations of counsel, and it devolved on the judge to decide as to the sufficiency or insufficiency of this only ground, and we cannot now question this decision when no reason therefor is shown us.

At first blush it might have been understood, and it appears that the judge so understood, that when Ereño confessed the debt claimed in his answer it was his intention to secure a judgment without action as provided under Title XIV, Chapter I, of the Code of Civil Procedure, in which case it would be necessary to have the proceedings conform to the provisions of subdivision 2 of section 359 and section 360.

But this belief was promptly abandoned when the complaint was amended merely to include Susana, and when Ereño and his wife applied for an extension of time to make answer thereto, which he had already done.

So that in deciding this appeal, we do not have to consider a summary proceeding of a judgment without action.

Therefore, the judgment rendered against Carlos Ereño is a just one.

It also appears that the judgment rendered by default against his wife, Susana Duñabeitía is proper because she did not make answer to the complaint in due time.

But here we have a duality of judgments which adjudge two different persons to pay the same amounts, and this, besides introducing confusion in the appeal, may prejudice the defendants in the excution of said judgments and give rise to subsequent claims which it is still possible to avoid.

The contract of loan secured by mortgage upon real estate belonging to the conjugal partnership, to which this litigation refers, was entered into with the express consent of the wife of Carlos de Ereño, as may be observed from the deeds presented which form part of the complaint.

So that the provisions of section 1328 of the Revised Civil Code have been complied with. Said section reads as follows:

"Notwithstanding the power which the husband has as administrator he shall not have the power to give, to sell or to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife."

And as the husband Ereño was present at the execution of the deed and gave his consent, the provisions of the last paragraph of section 159, which requires the mutual consent of both parties, have also been complied with.

But what we do not find to have been justified is that the wife of Ereño, Susana Duñabeitía, should have been made a party defendant to this action after she had given her express consent for the contract, as hereinbefore stated.

According to section 161 of the Civil Code, the husband is the legal representative of the conjugal community.

This is but a consequence of the duty of the husband to protect the wife, from which is derived the right to represent her in an action, because perhaps in this, more than anything else, she may be in need of his support and protection.

This being so, it was sufficient to have directed and prosecuted the action against Carlos de Ereño, since it is evident that it seeks to recover a debt secured by real estate belonging to the conjugal partnership, and in this case the husband is the legal representative of the community, as we have seen.

Had this been done, we would not be called upon to consider the two judgments to which we have referred.

However, here we have both, and as both have been appealed from, nothing remains but to make the proper pronouncement thereon and this can be none other than the affirmation of both, as I suppose, but with the understanding that in this case only the judgment rendered against Carlos de Ereño on April 15, 1909, should be executed and satisfied for the sums specified therein, thus avoiding the collection of double amounts having the same origin and upon the property of the community of Ereño-Duñabeitía.

The motion of the respondent of June 21, 1909, is also hereby decided.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.